**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry S Alexander, | No. CV-21-00389-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 7) and the Report and Recommendation ("R&R") (Doc. 15) issued by United States Magistrate Judge Camille D. Bibles. Also before the Court is an Appeal of Judge Bible's denial of Petitioner's Motion to Appoint Counsel. (Doc. 13).

## I. The R&R

After consideration of the issues raised in the Petition, Judge Bibles concluded in her R&R that the Petition was untimely because Petitioner had filed it 23 years after the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. (Doc. 15 at 5). She further found that equitable tolling was not available to Petitioner, and that federal review of his habeas claims was not warranted under the "actual innocence gateway" because Petitioner had not presented any new, reliable evidence establishing that he is factually innocent of his crimes. (*Id.* at 7). Accordingly, Judge Bibles recommends the Petition be denied. (*Id.* at 8).

Judge Bibles advised the parties that they had fourteen days to file objections and that the failure to timely do so "will be considered a waiver of a party's right to de novo appellate consideration of the issues." (*Id.* at 8) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)). Neither Petitioner nor Respondents have filed an objection and the time to do so has expired.

Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Nonetheless, the Court has reviewed Judge Bibles's well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

**II.     Petitioner's Appeal**

Prior to the issuance of her R&R, Judge Bibles denied Petitioner's Motion to Appoint Counsel, finding that Petitioner had "been able to articulate his claims for federal habeas relief and that the legal issues are not unusually complex." (Doc. 11 at 2). Petitioner then filed a "Motion to Appeal the Judgment of this Case" (Doc. 13), which Judge Bibles construed as an appeal of her Order denying Petitioner's request to appoint counsel (Doc. 14).

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)); *see Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.") (citing Fed.R.Civ. P. 72(b)).

Petitioner points to no error in Judge Bibles's Order denying the appointment of counsel, but only requests the Court "grant this motion to proceed with right to appeal this case in the US Court of Appeal…" (Doc. 13 at 2). The Court has reviewed the Order and finds no error in Judge Bibles' ruling on the Motion to Appoint Counsel. Moreover, to the extent Petitioner's Appeal is more accurately characterized as a request for certificate of appealability, it is also denied. His habeas claims are procedurally barred, and Petitioner cannot show that reasonable jurist would find the ruling debatable.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bibles's Report and Recommendation (Doc. 15) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Appeal (Doc. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, nor has he made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 5th day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge